# OCTOBER TERM, 1920.

### HINES *v*. HINES.

EQUITY—FRAUD—LIFE INSURANCE—BENEFICIARY.

Where insured husband, on separating from his wife, agreed
with her in writing to carry $1,000 of insurance for the
benefit of an adopted daughter, in consideration of his re-
lease from all further claims for their support and main-
tenance, which he did for some time, but later lost his
property and his health and was financially unable to pay
the premiums, which the wife and adopted daughter were
also unable to pay, and the insurance would have lapsed
but for the fact that defendant, insured's daughter, on be-
ing made the beneficiary, paid the past due and all subse-
quent assessments till the death of insured, said adopted
daughter has no equitable claim to said insurance fund,
defendant having been guilty of no fraud.

Appeal from Ionia; Davis (Frank D. M.), J. Sub-
mitted June 10, 1920. (Docket No. 29.) Decided
October 7, 1920.

Bill by Mildred Hines, an infant, by her next friend,
against Alvin Hines and Grace Connelly for the
specific performance of a contract. From a decree for
plaintiff, defendant Connelly appeals. Reversed and
bill dismissed.

*Watt & Colwell*, for plaintiff.

*Ellis & Ellis* and *Thomas Johnson*, for appellant.

CLÁRK, J. In 1904, Alvin Hines, a widower and
father of Grace Hines, now Grace Connelly, married
Nettie Hines. In 1911, Mildred Hines, the plaintiff,

(50)

became a legally adopted child of Alvin Hines and Nettie Hines. In 1915, this husband, 52 years of age, and wife separated and, for the purpose of settling their property matters and rights and providing for the support, maintenance and education of plaintiff, then 5 years of age, entered into a written agreement that Alvin Hines should pay Nettie Hines $400 and should take out and carry with some reputable insurance company a life insurance policy in the sum of $1,000, payable to the said plaintiff Mildred Hines as beneficiary, and in consideration of these undertakings on the part of the husband the wife agreed to release him from all further claims for support and maintenance of herself and said Mildred Hines. The sum of $400 was paid as agreed. At the time of the said marriage Alvin Hines was the holder of a benefit certificate in the sum of $1,500 issued to him by the Modern Woodmen of America, a fraternal society, each of whose members, on paying each month a certain amount of dues or assessments as fixed by the society, is entitled to have paid at his death to his beneficiary the amount of insurance named in the certificate.

Soon after the marriage Nettie Hines, the wife, and Dorothy Connelly, a granddaughter, were designated in said certificate as the beneficiaries, the wife in the sum of $1,000 and the granddaughter in the sum of $500. Following the agreement aforesaid and in May, 1915, Mildred Hines was made beneficiary in said certificate in the sum of $1,000 and Dorothy Connelly was again made a beneficiary in the sum of $500. Mr. Hines paid the dues and assessments required by the society until April, 1917, when the defendant Grace Connelly was designated the beneficiary of the entire amount of the certificate, $1,500.

At the time of the last change in the beneficiary Mr. Hines was in arrears as to assessments, of which the clerk of the local camp of the society testified:

"I had refused to carry this assessment further because I felt it would develop I would have to pay it, so I wrote to his sister and told her the condition. Soon I got a letter from Grace Connelly in Dakota and she asked me to send a statement of what he owed and she would send me check. I done so. I got a return letter with a check in it. Since that time she has been paying these assessments and dues."

Grace Connelly did not know of the agreement respecting Mildred Hines.

Of Mr. Hines' financial condition in the following September, Mrs. Hines testified:

"After he left he lost his property somehow. I know through hearsay where it went. I know he certainly lost his property. He was without a cent, without a penny when he was there; 45 cents in money and a ticket to Lansing, he said was all he had. I know he finally went to live with some relatives in Lake Odessa, and went from there to the county farm."

Later, being insane, he became an inmate of the Traverse City State Hospital.

The infant plaintiff Mildred Hines has been supported by Mrs. Hines since the said separation. Learning of the last change in beneficiary Mildred Hines, plaintiff, by Nettie Hines as next friend, in March, 1918, caused the bill of complaint to be filed in which it is prayed that Alvin Hines may be required specifically to perform the said agreement with Nettie Hines and that he may be required by the order and decree of the court to change the beneficiary in said certificate so that plaintiff Mildred Hines will be named as beneficiary therein and will be entitled to receive $1,000 of the insurance in case of the death of Alvin Hines, and that Alvin Hines be required to pay all dues and assessments, and that respecting the plaintiff he be enjoined from further changing the beneficiary in said certificate.

These allegations of the bill are not denied.

"Your oratrix further shows unto the court that the said Alvin Hines is broken in health, and is insolvent and uncollectible at law, and that it would be impossible for him to take out and carry any additional life insurance in any reputable life insurance company or in said Modern Woodmen of America," * * *

And

"Your oratrix further shows unto the court that the said Nettie Hines has no property (except a small home) and no income except the small amount that she is able to earn by her labor, and that neither your oratrix or the said Nettie Hines is able to pay the monthly assessments and dues on said $1,000 insurance, which at the date hereof amounts to the sum of $1.35 per month, and unless the defendant Alvin Hines is required by said court to pay said assessments and dues on said $1,000 of insurance the same will lapse and become null and void," * * *

Defendants Grace Connelly and Alvin Hines by his guardian *ad litem* answered. Alvin Hines died at Traverse City January 9, 1919. His death was suggested and it was ordered that the cause proceed against the defendant Grace Connelly, and it was also ordered, upon petition of plaintiff, that the society, Modern Woodmen of America, be restrained from making settlement with Grace Connelly or any other person respecting $1,000 of said insurance until the further order of the court. Upon hearing decree was entered awarding to plaintiff Mildred Hines $1,000 of said insurance subject to a lien in favor of Grace Connelly for the amount of assessments paid by her, and the society was enjoined from paying the sum of $1,000 of said insurance except as provided by the decree. Defendant Grace Connelly has appealed.

In disposing of the case we shall refer to but one of the contentions of defendant: that as against the defendant, plaintiff's claim is not equitable. This contention is so fully sustained in the similar case of

*Knights of the Modern Maccabees* v. *Sharp,* 163 Mich., at page 457 (33 L. R. A. [N. S.] 780), that the opinion in that case should be read in connection herewith.

The insured, an inmate of a county house and then of an asylum for the insane, was unable to pay assessments due the society. The plaintiff and her next friend likewise were unable to pay them. Nearly two years before the death of the insured, defendant Grace Connelly saved the insurance by paying past due assessments which had been carried by the clerk of a local camp of the society and said defendant paid all subsequent assessments, in fact, paid the assessments for nearly a year after this suit was commenced against her. She is free from fraud. As against the defendant, this child has no claim to equitable consideration.

It follows that the decree of the lower court is reversed and one will be entered dismissing the bill of complaint, defendant Grace Connelly to recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.